IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CASE NO.  3:99cr91-WHA |
| | ) | |
| ANTHONY DESHUN PAXTON | ) | (WO) |

**MEMORANDUM OPINION AND ORDER**

This cause is before the court on a Motion for Expungement of Criminal Records (Doc. #27) filed by Defendant Anthony Deshun Paxton on April 24, 2007.  In 1999, Defendant Paxton was indicted on twenty-two counts of counterfeiting and attempting to pass counterfeit notes in violation of 18 U.S.C. §§ 471 and 472.  The indictment was dismissed on June 22, 2000, and Defendant Paxton was placed on pretrial diversion by agreement of the parties.  Defendant Paxton now seeks to have all records of his arrest and indictment expunged. The United States argues that this court does not have jurisdiction to grant this relief, and, even if it did have jurisdiction, expungement nonetheless is inappropriate.

The Eleventh Circuit has not addressed directly the specific issue of whether a district court has jurisdiction over a motion for expungement of arrest records and/or records of indictment.  *See United States v. Carson*, 366 F. Supp. 2d 1151, 1155 (M.D. Fla. 2004) (finding that the Eleventh Circuit has published no opinions on expungement in general outside of the realm concerning the now-repealed "Youth Corrections Act").  A survey of case law across the circuits, however, indicates that jurisdiction typically is based on the concept of ancillary jurisdiction.  Recently, after the Supreme Court narrowed the broad power of ancillary jurisdiction in *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994), a split among the circuits has developed regarding whether federal district courts have ancillary jurisdiction to

determine matters of expungement related to criminal proceedings in those courts. *See United States v. Coloian*, 480 F.3d 47, 51-52 (1st Cir. 2007) (providing a discussion of the circuit split in which the court cites several cases on each side of the issue).

Some circuits, including the First, Third, Eighth, and Ninth, find that, after *Kokkonen*, a district court does not have ancillary jurisdiction to consider a motion to expunge a criminal record based solely on equitable grounds. *See Coloian*, 480 F.3d at 52; *United States v. Meyer*, 439 F.3d 855, 860 (8th Cir. 2006); *United States v. Dunegan*, 251 F.3d 477, 479 (3d Cir. 2001); *United States v. Sumner*, 226 F.3d 1005, 1013 (9th Cir. 2000). These circuits typically have found that a district court's ancillary jurisdiction only exists over such motions when expunging the record of an unlawful arrest or when necessary to ameliorate a clerical error. *See, e.g., Sumner*, 226 F.3d at 1013 ("[A] district court's ancillary jurisdiction is limited to expunging the record of an unlawful arrest or conviction, or to correcting a clerical error."). These circuits rely on the Supreme Court's explanation of ancillary jurisdiction in *Kokkonen* as instructive on this issue.

In *Kokkonen*, the Supreme Court stated that ancillary jurisdiction exists under two separate, but related, premises: "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent . . . and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees. . . ." *Kokkonen*, 511 U.S. at 379-380. Matters of expungement fall under the second purpose, if at all. Expungement of criminal records merely on equitable grounds, however, serves none of the purposes set forth by the *Kokkonen* court. *See Sumner*, 226 F.3d at 1014. Expungement does not enable a court to successfully manage proceedings, vindicate authority or effectuate decrees.

Therefore, a district court does not have ancillary jurisdiction over matters of expungement simply based on equitable grounds.

This court agrees with the analysis set forth in these circuits. Despite the circuit split, this court is comfortable that the Eleventh Circuit would follow the post-*Kokkonen* theory discussed above and not the theory applied by other circuits not discussed. *Kokkonen* effectively narrowed the scope of ancillary jurisdiction. Applying the post-*Kokkonen* analysis, the court does not have ancillary jurisdiction over the motion for expungement in the present case.

The Defendant's primary rationale for expungement is that he completed all terms of his pretrial diversion program, has not had any subsequent convictions, and has been rehabilitated in all respects. The Defendant also argues that the public records of his indictment and arrest have caused him difficulty in obtaining employment. Although the court recognizes the Defendant's concerns, these concerns alone, without further justification, are insufficient grounds for jurisdiction. The court simply does not have ancillary jurisdiction to expunge criminal records on equitable grounds alone. Accordingly, the court does not have jurisdiction over this Motion for Expungement, and the Motion is due to be DENIED for want of jurisdiction.

Alternatively, the court finds that the Motion is due to be denied even if the court has jurisdiction. As noted above, a circuit split exists in regard to whether a district court has ancillary jurisdiction to determine matters of expungement. Other circuits, including the Second, Seventh, Tenth and D.C. Circuits, apply a different standard in determining jurisdiction over matters of expungement. Even applying the theory of ancillary jurisdiction set forth by these other circuits, however, expungement is not appropriate.

These other circuits typically adhere to the theory that a district court has ancillary

jurisdiction over expungement matters because they are related to the underlying criminal action. On the merits, however, they hold that expungement should be granted only in "extreme circumstances." *See, e.g.*, *United States v. Flowers*, 389 F.3d 727, 739 (7th Cir. 2004); *United States v. Schnitzer*, 567 F.2d 536 (2d Cir. 1977), *cert. denied*, 435 U.S. 907 (1978); *United States v. Linn*, 513 F.2d 925, 927 (10th Cir. 1975).[1] Accordingly, even if the Eleventh Circuit determines that district courts should follow the more liberal theory of ancillary jurisdiction, expungement of the arrest and indictment records in this case still would be inappropriate because no "extreme circumstances" exist requiring expungement.

In *Schnitzer*, the Second Circuit held that a district court has ancillary jurisdiction to determine a motion for expungement related to an underlying criminal proceeding. *Schnitzer*, 567 F.2d at 538. The *Schnitzer* court simply determined that ancillary jurisdiction was sufficient based on nothing more than the motion for expungement's relation to the underlying criminal proceeding and went on to decide the motion on its merits. *Id.* In determining the merits, however, the *Schnitzer* court noted that "expungement lies within the equitable discretion of the court, and relief usually is granted only in 'extreme circumstances[.]'" *Id.* at 539. Finding no such "extreme circumstances," the *Schnitzer* court affirmed the lower court's denial of the motion.

Similarly, in the present case, even if the court determined that it had jurisdiction under the more liberal ancillary jurisdiction theory, the motion for expungement fails on the merits because there are no "extreme circumstances" under which expungement is appropriate. As

---

[1] As the First Circuit has noted in regard to the jurisdictional issue, however, "these cases either predate *Kokkonen*, or they fail to address that decision, which raises questions as to their continued viability." *Coloian*, 480 F.3d at 51-52.

noted above, the Defendant's primary reasons for expungement are that he completed all terms of his pretrial diversion program, he has not had any subsequent convictions, and he has been rehabilitated in all respects.  The Defendant thus argues that his interest in expungement outweighs the government's need to maintain the records of his arrest and indictment.  The Defendant further supports this argument by indicating that the public records of his indictment and arrest have caused him difficulty in obtaining employment.  Even considering such arguments, the Defendant does not claim any "extreme circumstances" requiring expungement.  Such "extreme circumstances" typically involve official misconduct, lack of probable cause, or arrests simply for the purpose of harassment.  *See Geary*, 901 F.2d at 680 (8th Cir. 1990) (providing a survey of cases in which the court has given like rationale for ordering expungement); *United States v. McLeod*, 385 F.2d 734, 750 (5th Cir. 1967) (holding that expungement was appropriate as a remedial measure to offset the misconduct of state officials).  The mere possibility of injury to reputation or difficulty in obtaining employment does not qualify as "extreme circumstances" warranting expungement.  *See Geary*, 901 F.2d at 680 (finding that the suggestion that employment opportunities are impaired by maintaining a record of arrest, without any further evidence supporting that suggestion, fails to constitute an extreme circumstance); *Schnitzer*, 567 F.2d at 540 (finding that, even though defendant was a rabbinical student and the retention of the record of arrest might prove problematic in finding employment, such a status did not constitute an extreme circumstance); *see also Rogers v. Slaughter*, 469 F.2d 1084, 1085 (5th Cir. 1972) ("The judicial editing of history is likely to produce a greater harm than [that] sought to corrected.").  Here, after all, Mr. Paxton does not contend that he was innocent of the crimes for which he was indicted, but merely that he was given the benefit of

pretrial diversion.

Accordingly, even if the court had jurisdiction over the matter of expungement raised by the Defendant, the court would not grant the Defendant's motion because there are no "extreme circumstances" warranting such expungement.

Based on the foregoing discussion, this court determines that, after *Kokkonen*, ancillary jurisdiction does not exist over matters of expungement based solely on equitable grounds. Therefore, it is ORDERED that the Defendant's Motion for Expungement is DENIED for want of jurisdiction.

DONE this 20th day of July, 2007.

    /s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE